UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUAN P. MADRIGAL, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:25 CV 388 JMB |
| RICHARD ADAMS, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Juan P. Madrigal's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the petition is **DENIED**.

**I.    Procedural and Factual Background**

Petitioner is held by the Missouri Department of Corrections pursuant to the judgment and sentence of the Circuit Court of Jefferson County, Missouri. In October, 2021, a jury convicted him of domestic assault in the first and second degrees and tampering or attempting to tamper with a witness, and he was sentenced to concurrent terms of 25, 7, and 7, years' incarceration, respectively (Doc. 6-2). On September 20, 2022, the Missouri Court of Appeals affirmed his conviction and sentence (Doc. 6-7). Petitioner's motion for postconviction relief pursuant to Missouri Supreme Court Rule 29.15 was denied by the trial court without an evidentiary hearing (Doc. 6-10). On March 19, 2024, the Missouri Court of Appeals affirmed the denial of postconviction relief (Doc. 6-13).[1] Petitioner timely filed his § 2254 petition on March 25, 2025

---

[1] The Court issued its mandate on April 14, 2024 (Doc. 6-14).

(Doc. 1).[2] He asserts four grounds for relief including ineffective assistance of trial counsel, defective jury instructions, and prosecutorial misconduct. Petitioner states that each of these claims was abandoned by this counsel and that he is currently seeking a "Rule 91" petition before the Circuit Court of St. Francois County, Missouri.

Petitioner does not challenge the factual findings of the state courts and they are presumed to be correct. 28 U.S.C. § 2254(e)(1).

The evidence at trial revealed that Petitioner strangled his domestic partner to the point of unconsciousness on April 5, 2019. After he was arrested, he contacted the victim in an attempt to get the charges dropped. During trial, the state introduced evidence of Petitioner's prior bad acts, including a threatening voicemail directed to the victim a month prior to April 5, and a more previous strangling episode involving a seatbelt on April 4, 2019.

On direct appeal, Petitioner argued before the Missouri Court of Appeals that: (1) the trial court erred in denying his motion for acquittal based on the sufficiency of the evidence; (2) the trial court erred in instructing the jury on first-degree assault without including a definition of serious physical injury; (3) the trial court erred in admitting the voicemail; and, (4) the trial court erred in admitting evidence of the seatbelt incident (Doc. 6-4). The crux of Petitioner's claims regarding the sufficiency of the evidence and the jury instruction (1 and 2) is that there was insufficient evidence of, and definition of, a "serious physical injury" to support a first-degree assault charge (Doc. 6-4, pp. 24-41) In particular, Petitioner argued that the victim's injuries did

---

[2] According to Respondent, Petitioner filed his post-conviction appeal prior to a decision on his direct appeal. His petition for post-conviction relief before the state trial court is date stamped but that date is not visible on the document filed with this Court (Doc. 6-8). As such, the Court will accept Respondent's assertion, that the document was filed prior to the Missouri Court of Appeals decision on direct appeal. With this caveat in mind, and in light of Respondent's conclusion as to the timeliness of the petition, this Court likewise finds that Petitioner timely filed his § 2254 petition.

Page **2** of **11**

not fit the definition of "serious physical injury"[3] because she only sustained minor injuries from the strangulation. Petitioner further claimed that the jury instruction on assault did not contain a definition of the phrase. In considering the claims, the Missouri Court of Appeals found that strangling someone to the point of unconsciousness, along with causing bruising, soreness, abrasions, and pain created a "substantial risk of death sufficient to find serious physical injury" consistent with Missouri law (Doc. 6-7, p. 14). The Court also found that "serious physical injury" was defined in a separate jury instruction as required by Missouri's standard set of jury instructions and the notes contained therein (Id. p. 16-17). Petitioner's remaining evidentiary claims were denied.

On collateral appeal, Petitioner's sole claim was that the trial court erred in admitting expert testimony. The Missouri Court of Appeals held that the trial court did not err in finding that such a claim is not cognizable on post-conviction review (Doc. 6-13).

Petitioner did not raise a claim of ineffective assistance of trial counsel before the state courts.

## III.   Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), allows for habeas relief in Federal court only if the state court's determination:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[3] Missouri defines the phrase as a "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body." MO. REV. STAT. § 556.061(44).

28 U.S.C. § 2254(d)(1)-(2). A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." Id.

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Brown, 544 U.S. at 141; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410–11).

When reviewing whether a state court decision involves an "unreasonable determination of the facts," state court findings of "basic, primary, or historical facts" are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. Collier v. Norris, 485 F.3d 415, 423 (8th Cir. 2007) (citations omitted); 28 U.S.C. § 2254(e)(1). Erroneous findings of fact by the state courts do not ensure the grant of habeas relief. Rather, the determination of these facts must be unreasonable in light of the evidence of record. Id.

Page 4 of 11

To prevail on his ineffective assistance of counsel claims, Petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 688 (1984). With respect to the first Strickland prong, there is a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. Thus, "counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," and the "burden to show that counsel's performance was deficient rests squarely on the defendant." Burt v. Titlow, 571 U.S. 12, 22–23 (2013) (quotation marks and citation omitted). Courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689; see also Abernathy v. Hobbs, 748 F.3d 813, 816 (8th Cir. 2014) (reviewing court must refrain "from engaging in hindsight or second-guessing of trial counsel's strategic decisions.")  (citation omitted)).

To establish the "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "Merely showing a conceivable effect is not enough; a reasonable probability is one sufficient to undermine confidence in the outcome." Paulson v. Newton Corr. Facility, 773 F.3d 901, 904 (8th Cir. 2014) (citation omitted). Although Strickland requires a showing of both deficient performance and prejudice, a "finding that no prejudice exists is sufficient to conclude that counsel was not constitutionally ineffective — [courts] need not first make a determination regarding deficiency." Holder v. United States, 721 F.3d 979, 987 (8th Cir. 2013).

"Taken together, AEDPA and Strickland establish a 'doubly deferential standard' of review." Williams v. Roper, 695 F.3d 825, 831 (8th Cir. 2012) (quoting Cullen v. Pinholster, 563 U.S. 170, 202 (2011)).

> First, under Strickland, the state court must make a predictive judgment about the effect of the alleged deficiencies of counsel on the outcome of the trial, focusing on whether it is "reasonably likely" that the result would have been different absent the errors. Strickland, 466 U.S. at 696. . . . To satisfy Strickland, the likelihood of a different result must be "substantial, not just conceivable." Id. Under AEDPA, [federal courts] must then give substantial deference to the state court's predictive judgment. So long as the state court's decision was not "contrary to" clearly established law, the remaining question under the "unreasonable application" clause of § 2254(d) is whether the state court's determination under the Strickland standard is unreasonable, not merely whether it is incorrect. [Harrington v. Richter, 562 U.S. 86, 112, 101], 131 S. Ct. 770, 792, 785 (2011). This standard was meant to be difficult to meet, and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at [102].

Williams, 695 F.3d at 831–32. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 562 U.S. at 105. Furthermore, a state court's findings of fact made in the course of deciding a claim of ineffective assistance of counsel are presumed to be correct. Odem v. Hopkins, 382 F.3d 846, 849 (8th Cir. 2004).

## IV. Discussion

Petitioner asserts four Grounds for relief: (1) trial counsel was ineffective for failing to challenge the sufficiency of the evidence and the deficient charging instrument;[4] (2) trial counsel was ineffective for failing to investigate three alibi witnesses and "exploit" the relationship between the prosecutor and the victim; (3) the trial court erred in publishing a defective jury instruction on first degree assault;[5] and, (4) the prosecutor engaged in misconduct or malicious

---

[4] Petitioner asserts that he should have been charged with a misdemeanor instead of a felony.

[5] Again, Petitioner states that the facts do not support a charge of first-degree assault.

Page 6 of 11

prosecution in all aspects of the prosecution and in failing to disclose his/her prior relationship with the victim as her advocate in 2010. Petitioner admits that he did not raise any of these claims before the state courts (Doc. 1, p. 11). However, he states that "none of these grounds have ever been presented to any Courts due to counsel's negligent and ill performance(s) – amounting to IA[6] – and abandonment of counsel" (Id). There is no brief or citation to case law or the record that supports Petitioner's claims.

State prisoners seeking habeas relief in federal court are typically limited to raising grounds that have been "fairly presented" in state court proceedings. Deck v. Jennings, 978 F.3d 578, 581 (8th Cir. 2020). Grounds raised in federal court that have not been presented in state court and for which there are no remaining state remedies are procedurally defaulted and should not be considered further. Dansby v. Payne, No. 19-3006 (8th Cir. 2022); Stephen v. Smith, 963 F.3d 795, 799 (8th Cir. 2020). Procedural default also occurs when a state court's decision on a question of federal law "rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729-730 (1991). Such procedurally defaulted grounds may nonetheless be considered if a petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law" or a fundamental miscarriage of justice (i.e. actual innocence). Bousley v. United States, 523 U.S. 614, 622 (1998); Coleman, 501 U.S. at 750; Morgan v. Javois, 744 F.3d 535, 538-539 (8th Cir. 2013).

As noted above, Petitioner did not raise any ineffective assistance of counsel claims before the state courts. As part of Ground I, Petitioner asserts that counsel was ineffective for failing to raise a sufficiency of the evidence claim – that mere "red finger prints on a neck," and the presence of alibi witnesses should have resulted in a misdemeanor charge, if anything at all. However, he

---

[6] Petitioner uses this shorthand to refer to ineffective assistance of counsel.

did not raise this claim as an ineffective assistance of counsel claim before the state courts. See Wemark v. Iowa, 322 F.3d 1018, 1021 (8th Cir. 2003) ("A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts which he is attempting to raise in his federal habeas petition" (quotation marks and citation omitted)). Similarly, in Ground 3, Petitioner raises an issue as to the jury instructions, that he should have been charged with a misdemeanor and not a felony, but his claim is vague and does not mention the same claim he made on direct appeal, that there was no showing of "serious physical injury" as defined by state law. Finally, Grounds 2 and 4 were never raised before the state courts. Accordingly, Petitioner has procedurally defaulted all of his claims.

To excuse the procedural default, Petitioner first claims that he raised some claims in a "Rule 91" petition. Petitioner filed a Missouri Supreme Court Rule 91.01 petition for a writ of habeas corpus in the St. Francois County Circuit Court on March 24, 2025. Madrigal v. Adams, 25 SF-CC00067 (2025). In this state petition, Petitioner makes a variety of claims related to the conviction and sentence that is the subject of this case including ineffective assistance of counsel, actual innocence, and sufficiency of the evidence. That matter is currently pending before the state court. The filing of a state petition for a writ of habeas corpus does not excuse a procedural default. Typically, if "a state habeas petitioner fails to raise a claim on appeal or in a motion for post conviction relief . . . , the Missouri courts will not review it." Sloan v. Delo, 54 F.3d 1371, 1382 (8th Cir. 1995); see also Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1996) (rejecting contention that "rais[ing] [ineffective-assistance claim] in [a] state habeas corpus petition pursuant to Missouri Supreme Court Rule 91" cures failure to advance claim on appeal) (citing State ex rel. Simmons v. White, 866 S.W.2d 443, 444 (Mo. 1993)); Kirk v. State, 520 S.W.3d 443 457 (Mo. 2017) (en banc) (stating that a criminal litigant must pursue claims of constitutional dimension at

the first opportunity).  To overcome this bar, the claim must raise "a jurisdictional issue or present [ ] an 'issue of manifest injustice resulting from rare and extraordinary circumstances and warranting the relief requested.' " Sloan, 54 F.3d at 1382 (quoting White, 866 S.W.2d at 444).  No such colorable claim has been raised in this case – any assertion of ineffective assistance of counsel does not raise a jurisdictional issue and this is not a rare case of manifest injustice.  As noted above, the evidence at trial revealed that Petitioner strangled his domestic partner to the point of unconsciousness, on more than one occasion, held a knife against her throat, and that he attempted to intimidate the victim into dropping the charges.   His current attempts to minimize the severity of his actions does not represent a manifest injustice in his prosecution.  Pursuant to Missouri law, claims regarding trial court errors must be raised on direct appeal while claims regarding ineffective assistance of counsel must be raised in a Rule 29.15 motion.  See Phillips v. State, 214 S.W.3d 361, 365 (Mo. Ct. App. 2007).  Where a Petitioner fails to follow the procedural rules of the state courts, "any claims not properly raised before the state court are procedurally defaulted." Moore-El v. Luebbers, 446 F.3d 890, 896 (8th Cir. 2006).

Petitioner has not argued that any other reasons demonstrates cause and prejudice that should excuse the default.  Marcyniuk v. Payne, 39 F.4th 988, 995 (8th Cir. 2022).  Petitioner mentions that counsel (it is unclear whether he means direct appeal counsel or post-conviction counsel) failed to raise any of his Grounds on appeals before the state courts.  This argument is undeveloped and unsupported by any case law or citation to the record.  While ineffective assistance of appellate counsel may support cause and prejudice to excuse a default, Petitioner "must have properly raised the ineffectiveness claim in state court," which he did not.  Williams v Kemna, 311 F.3d 895, 897 (8th Cir. 2002).  As such, Petitioner has not shown cause and/or prejudice that would excuse a procedural default.

Page **9** of **11**

To the extent that any of Petitioner's claims have not been procedural defaulted, they would fail on the merits. Petitioner merely states his claims. As such, Petitioner makes no argument as to how the Missouri Court of Appeals erred in its analysis of any of the Grounds that he raises before this Court. That is, Petitioner has not shown how the latest state court to consider the merits of his claims either unreasonably applied constitutional law or unreasonably found the facts in light of the evidence. Federal habeas review is not a general review of a state criminal trial. Instead, this Court is "bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomhold v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). To acquire federal habeas corpus relief, then, Petitioner must demonstrate "that the challenged state-court ruling rested on an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." Metrish v. Lancaster, 569 U.S. 351, 358 (2013) (quotation marks and citation omitted). Without such a showing, his claims must fail as a matter of law.

With respect to the underlying claim in Ground 1 and Ground 3 as to the sufficiency of the evidence as to the assault charge and conviction, Petitioner's claims are not entitled to habeas relief. As noted above, there was overwhelming evidence that Petitioner caused serious physical injury by creating a substantial risk of death: the victim testified that she twice lost consciousness, she had injuries on her body, and an expert testified about the severe medical consequences that could have resulted, including death (See Doc. 6-7, pp. 12-15).

\* \* \* \* \*

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the petition of Juan P. Madrigal for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability will be issued because Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-338 (2003) (setting forth the standard for issuing a certificate of appealability).

A separate Judgment will accompany this Memorandum and Order.

*/s/ John M. Bodenhasuen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of September, 2025.